## In re YOUNG'S ESTATE.

(126 Pac. 992.)

**Parties—Misjoinder of Parties Plaintiff—Mode of Objection.**

1. The error of misjoinder of parties plaintiff, discoverable from inspection of the complaint, should be corrected by demurrer; but where the improper joinder is not apparent the misjoinder should be raised by plea or answer.

**Wills—Decree Denying Probate—Vacation—Grounds.**

2. That heirs of testator were improperly joined as plaintiffs with co-plaintiff in a suit to establish a lost will did not justify the setting aside of a decree denying probate, on the ground that the lost will had been forged by co-plaintiff, when they were not injured by the decision.

**Wills—Res Judicata—Suit in Equity.**

3. The verdict of a jury, acquitting an applicant for the probate of a lost will of the charge of forgery of the lost will, is not even advisory in a suit in equity for the probate of the lost will; and a petition to set aside the decree denying probate, on the ground of the subsequent acquittal of the applicant, must be denied.

From Umatilla:   HENRY J. BEAN, Judge.

This is a proceeding by petition of Mabel Young to set aside a decree.   For former opinion, see 59 Or. 348 (116 Pac. 95, 1060).

*Mr. Homer I. Waters* and *Messrs. Brooke & Tomlinson,* for petitioner.

*Mr. James A. Fee* and *Mr. Robert J. Slater, contra.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a petition by Mabel Young Warner to set aside a decree determining that what purported to have been a lost will and testament of James W. Young, deceased, had been forged.   *Young's Estate,* 59 Or. 348 (116 Pac. 95, 1060).   It is alleged that Agnes Jones, Richard Peters, James Peters, Samuel Peters, John Peters, and Sarah Davis, now Sarah Kittridge, were improperly joined as parties plaintiff in the suit, and that, though the decree referred to was based on a suggestion that the petitioner had uttered a forged will, she, having been indicted therefor, was, upon a trial of the charge, duly acquitted.   The petition is supplemented by the affidavits of the persons named tending to support the averment of misjoinder.

1. A misjoinder of parties plaintiff is usually discoverable from an inspection of the complaint, and when so revealed the error should be corrected by demurrer; but where the improper joining together of parties to a suit is not apparent the misjoinder should be raised by plea or answer.   15 Pl. & Pr. 695.   "Where the objection," say the editors on the following page of the work referred to, "is not taken *in limine* by plea, answer, or demurrer, the court, considering the mischief as already incurred, and the objection being merely technical and formal, will not, except in special cases, allow it to prevail at the hearing, but will deem it to be waived."

2, 3. The effect of the decree complained of is not so prejudicial to the rights of the persons named as to necessitate an opening up of the cause for the reasons stated. The will undertaken to have been probated having been declared a forgery, the co-plaintiffs, who are heirs of James W. Young, are not injured in any manner by the legal conclusion reached. As to the rights of the petitioner and the part she played in the production of wills of the alleged testator, the opinion in *Young's Estate* fully shows. 59 Or. 348 (116 Pac. 95, 1060). The verdict of the jury acquitting her is not considered even advisory in a suit in equity, and, this being so, the petition should be denied; and it is so ordered.          DENIED.

MR. JUSTICE BEAN, having rendered the decree in the lower court, took no part in this decision.